IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD L. ABBOTT, | § | |
| | § | |
| Plaintiff Below, | § | No. 210, 2021 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| KATHLEEN M. VAVALA, DAVID | § | C.A. No. 2021-0409 |
| A. WHITE, COLLINS J. SEITZ, | § | |
| JR., JAMES T. VAUGH, JR., | § | |
| TAMIKA R. MONTGOMERY- | § | |
| REEVES, GARY F. TRAYNOR, | § | |
| and KAREN L. VALIHURA, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: July 2, 2021
Decided: July 12, 2021

Before **RIDGELY**, Justice,[*] **NEWELL** and **DANBERG**, Chief Judges,[**]

*PER CURIAM:*

# **O R D E R**

This 12th day of July, 2021, it appears to the Court that:

(1)     The plaintiff/appellant, Richard L. Abbott ("Abbott"), has petitioned

this Court, pursuant to Supreme Court Rule 42, to accept an interlocutory appeal

from the Court of Chancery's June 3, 2021 denial of Abbott's motions for temporary

---

[*] Sitting by designation pursuant to Del. Const. Art. IV, § 38, 29 Del. C. § 5610(a)(2) and Supreme Court Rule 2(a).
[**] Sitting by designation pursuant Del. Const. Art. IV, § 12 and Supreme Court Rule 2(a).

restraining order and for expedited proceedings. On June 30, 2021, the Court of Chancery denied Abbott's application for certification on the grounds that Abbott identified no substantial issue that justifies an appeal before final judgment, that he failed to demonstrate that any of the eight criteria identified in Supreme Court Rule 42(b)(iii) support certification, and that on balance and after fully considering Abbott's arguments, there is no benefit to certification that could outweigh the costs of piecemeal litigation.

(2) Abbott filed his notice of appeal and application for certification of interlocutory appeal with exhibits on July 1, 2021. He also filed on July 1, 2021 a motion to recuse from all involvement in this appeal Chief Justice Seitz, Justice Traynor and Justice Montgomery-Reeves, the Panel which entered an order on May 18, 2021 that was cited by the Court of Chancery.

(3) By Order dated July 2, 2021, this Panel was designated by the Chief Justice pursuant to Del. Const. Article IV, §§ 12 and 38, 29 Del. C. § 5610(a)(2) and Supreme Court Rule 2(a) to consider Abbott's application for certification of interlocutory appeal.

(4) Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of its discretion and giving great weight to the trial court's review, this Court has concluded that the application for

[1] Del. Supr. Ct. R. 42(d)(v).

interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED. The motion to recuse is DENIED as MOOT.

---

[2] Del. Supr. Ct. R. 42(b) (ii).
[3] Del. Supr. Ct. R. 42(b)(iii).